IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN DUANE WALKER,  \*
    Plaintiff,
                         \*

V.          CIVIL ACTION NO. RDB-09-537
                         \*

STATE OF MARYLAND, et al.,
    Defendants.  \*
                       \*\*\*\*\*\*

## **MEMORANDUM OPINION**

On March 5, 2009, Plaintiff filed the instant action pursuant to 42 U.S.C. §1983 alleging that Defendants acted improperly in sending him sent to the Eastern Correctional Institution with an open detainer. Plaintiff claims Defendants did not promptly reevaluate his security status, in violation of Division of Correction Directives, when the detainer was lifted. Paper No. 1. Counsel for Defendants has filed a dispositive motion (Paper No.24) which shall be treated as a motion for summary judgment. Plaintiff has responded. Paper No. 31. No hearing is needed to resolve this case. *See* Local Rule 105.6 (D. Md. 2009).

### 1. Background

A.    Plaintiff's allegations

Plaintiff states that on February 8, 2008, he was transferred to MRDCC and on February 19, 2008, an initial security classification was completed, giving Plaintiff a total of 9 "points" due to existence of a detainer. The security instrument recommended that an inmate who scores in the 9-18 point range be classified as a minimum security inmate. Despite that guideline, Plaintiff was placed in medium security until the detainer was lifted. At an unspecified time, Defendant Cook referred Plaintiff for a psychiatric evaluation which determined that Plaintiff was a medium-to-high risk for sexual recidivism. Plaintiff states that Cook intentionally misinterpreted the doctor's conclusion and

failed to fill out a reclassification review form until December 2, 2008. Plaintiff also states that Cook acted outside his authority in ordering the psychiatric examination and in failing to reclassify Plaintiff to a lower security level. Paper Nos. 1 and 31. Plaintiff further claims that Cook improperly failed to place Plaintiff in the labor pool which prevented Plaintiff from receiving diminution of confinement credits. *Id*.

B.     Defendants' Contentions

Defendants maintain that Plaintiff was housed at ECI from March 3, 2008, until his mandatory release on June 15, 2009. Paper No. 24, Ex. 1. On March 10, 2008, during an initial interview, Cook advised Plaintiff he was subject to a detainer and that when the detainer was adjudicated Plaintiff might be considered for a lesser security status. *Id*., Ex. 4. On May 6, 2008, Plaintiff received an additional sentence of two years for second-degree assault, which resolved the detainer. *Id*., Exs. 1 and 5.

Cook then reviewed Plaintiff's base file to determine whether he qualified for lesser security, and decided that based on Plaintiff's convictions for indecent exposure and assault, along with a prior indecent exposure arrest, a psychological assessment was warranted. The psychological evaluation, conducted on July 21, 2008, placed Plaintiff at a medium-to-high security risk. *Id*., Ex. 1, 5, and 7. On December 2, 2008, a Security Reclassification Instrument was prepared indicating that Plaintiff was not suitable for lesser security status *Id.* Ex. 9. Plaintiff remained on medium security status until his mandatory release on June 15, 2009. *Id*., Ex. 1.

### 2. Standard of Review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

2

judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The Court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The Court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

To the extent Plaintiff claims that his assignment to medium security was improper, his claim fails. Prisoners do not have a constitutional right to be housed in one type of prison housing versus another. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of

his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Plaintiff essentially is raising a claim of denial of due process. Under the Supreme Court's pronouncement in *Sandin v. Conner*, 515 U.S. 472 (1995), a liberty interest may be created when state action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" without regard to mandatory language in prison regulations. *See Sandin*, 515 U.S. at 484. Thus, the due process inquiry must focus on the nature of the deprivation alleged and not on the language of particular prison regulations. *Id*. Following the reasoning of the Supreme Court in *Sandin*, a liberty interest is not implicated when prisoners are transferred from one prison to another. *See Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983).

Additionally, Plaintiff's contention that Defendants violated their own procedural guidelines during his classification review does not state an independent federal claim. *See Sandin*, 515 at 478-87 (while a prison occurrence may amount to a deprivation of a liberty interest entitled to procedural protection under the Due Process Clause of the Constitution if (1) statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty interest in question is one of "real substance," provisions that merely provide procedural requirements, even if mandatory, cannot provide the basis for a constitutionally protected liberty interest); *see also Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461-62 (1989); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) ("prisoners may no longer peruse statutes and prison regulations searching for the grail of limited discretion.").

To show a civil rights violation with respect to prison job assignment, Plaintiff must

show that the actions taken against him impacted on the exercise of a constitutionally protected right. Prisoners, however, do not have a constitutionally protected right to work while incarcerated, or to remain in a particular job once assigned. *See Awalt v. Whalen*, 809 F. Supp. 414, 416-17 (E.D. Va. 1992); *Altizer v. Paderick*, 569 F. 2d 812, 815 (4th Cir. 1978). s*ee also Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991).

### 3. Conclusion

Defendants' Motion for Summary Judgment shall be granted and judgment shall be entered in favor of Defendants and against Plaintiff. A separate order follows.

 /s/  
RICHARD D. BENNETT  
UNITED STATES DISTRICT JUDGE